**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u> JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>ADRIAN STANLEY as the natural Guardia</u>
Plaintiff

Case # <u>2024 CA 000855</u>
Judge _____

vs.
<u>TALLAHASSEE CLASSICAL SCHOOL INC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE
(If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [  ]**
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox           Fla. Bar # 739685
       Attorney or party                          (Bar # if attorney)

Marie A Mattox                 05/29/2024
(type or print name)               Date

|  | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
|---|---|
| **ADRIAN STANLEY, as the natural Guardian and parent of N.M., a minor,** | CASE NO.: 24-CA- 2024 CA 000855<br>FLA BAR NO.: 0739685 |
| Plaintiff, |  |
| v. |  |
| **TALLAHASSEE CLASSICAL SCHOOL INC.,** |  |
| Defendant.<br>_____/ |  |

# COMPLAINT

Plaintiff, ADRIAN STANLEY, as the natural guardian and parent of N.M., a minor, hereby sues Defendant, TALLAHASSEE CLASSICAL SCHOOL INC. and alleges Defendant discriminated against Plaintiff's son.

## NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §1981. Attorney's fees are sought under 42 U.S.C. §1983.

2. This is an action involving claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## PARTIES

3. At all times pertinent hereto, Plaintiff, ADRIAN STANLEY, has been the parent of N.M., a minor and they have been resident of the State of Florida. N.M. is a member of a protected class due to his race, African American. Plaintiff is *sui juris*.

4. At all times pertinent hereto, Defendant, TALLAHASSEE CLASSICAL SCHOOL INC., has been organized and existing under the laws of the State of Florida

1

5. At all times pertinent hereto, Defendant, TALLAHASSEE CLASSICAL SCHOOL INC., has been operating as a non-profit organization that educates student k-12 in the state of Florida. It operates within the jurisdictional boundaries of this court.

**CONDITIONS PRECEDENT**

6. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

7. Plaintiff's child, N.M., an African American male, was a student at Defendant's campus located at 4141 Artemis Way, Tallahassee, Fl 32311 and began his schooling there in August 2020. N.M. was in the seventh grade at the time of the incidents complained of herein.

8. The disparate treatment Plaintiff's child, N.M., suffered came at the hands of specifically but not limited to Language Arts teacher Dr. Steve Aggelis, a Caucasian male.

9. Despite N.M.'s stellar work and behavior as a student while attending Defendant, N.M. was subjected to disparate treatment, different terms, and conditions, and was held to a different standard because of his race.

10. In February 2022, N.M. was absent from school. Once N.M. returned to school, Aggelis told N.M., "Welcome back Darky," in front of the entire class.

11. On other occasions, Aggelis used racial epithets in the classroom, such as "nigger", and also called students derogatory terms, like "imbecile."

12. On March 1, 2022, Plaintiff contacted Aggelis and Dean of Curriculum Hope Carrasquilla, to discuss the incident and Aggelis' use of racial epithets made in the classroom. They met on March 4, 2022.

13. During the meeting, Aggelis admitted that he made the racist comments and attempted to explain why he made them. Plaintiff stated that Aggelis' behavior and comments were unacceptable and would not be tolerated.

14. As of May 6, 2022, Plaintiff has not received notice that Aggelis had received any disciplinary action for his racist comments. According to Defendant's non-discrimination statement, discrimination is prohibited against students "based on race, color, national origin, sex, disability, age or reprisal or retaliation for prior civil rights activity in any program or activity conducted or funded by USDA." However Defendant failed to provide any corrective action.

15. Defendant's failure to discipline Aggelis or assure that he was not going to continue his racism in the classroom towards N.M. caused N.M.'s grades to decline.

16. In May 2022, Plaintiff removed N.M. from Defendant and he was enrolled at Fairview Middle School. The transition from a charter school to a public school has negatively impacted N.M.'s development and education.

17. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

18. Paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

18. This is an action against Defendant for race discrimination.

19. Defendant is liable for the differential treatment and racism towards Plaintiff and its effect on N.M.'s ability to continue his education within Defendant.

20. The racism described above adversely affected the terms and conditions of N.M.'s enrollment within Defendant. Defendant controlled the actions and inactions of the persons

3

making decisions affecting N.M. or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to N.M..

21.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were race based and in violation of the laws set forth herein.

22.     The discrimination complained of herein affected N.M.'s ability to participate in, receive benefits of, and be free from discrimination in N.M.'s continued enrollment with Defendant.

23.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful practices based upon race under the laws enumerated herein.

24.     As a direct and proximate result of Defendant's conduct described above, N.M. has suffered emotional distress, mental pain and suffering, inconvenience, past and future pecuniary losses, mental anguish, loss of enjoyment of life and other non-pecuniary losses, and other benefits.  These damages have occurred in the past, are permanent and continuing. N.M. is entitled to compensatory and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 29th day of May 2024.

                                                        Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

5

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

ADRIAN STANLEY, as the natural
Guardian and parent of N.M., a minor,

CASE NO.: 24-CA- 2024 CA 000855
FLA BAR NO.: 0739685

    Plaintiff,

v.

TALLAHASSEE CLASSICAL SCHOOL INC.,          SUMMONS

    Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    TALLAHASSEE CLASSICAL SCHOOL INC.
    c/o KELLY ROBERTS – REGISTERED AGENT
    4141 ARTEMIS WAY
    TALLAHASSEE, FL 32311

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2024.



CLERK OF THE CIRCUIT COURT

By:_____  05/31/2024



# LEON COUNTY Receipt of Transaction
## Receipt #    1784313

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox P.A.

,

**On Behalf Of:**

,

On: 5/31/2024   3:58:31PM
Transaction # 101075762
Cashiered by: L WILLIAMS

**CaseNumber   2024 CA 000855**

**Judge   JOHN C COOPER**

**ADRIAN STANLEY AS THE NATURAL GUARDIA   *VS*   TALLAHASSEE CLASSICAL SCHOOL INC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| **Grand Total:** | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 199426777 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | **Payments Total:** | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**ADRIAN STANLEY AS THE NATURAL GUARDIAN AND PARENT OF N MMINOR**

    Plaintiff

vs                                                    **CASE NO.: 2024 CA 000855**

**TALLAHASSEE CLASSICAL SCHOOL INC**

    Defendant

_____/

<u>**UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**</u>

    In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

    **Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

    All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

    A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

- 120 days after filing: Service of Complaints
- 150 days after filing: Service under any Extension of Time
- 180 days after filing: Adding New Parties
- 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
- 270 days after filing: Completion of Fact and Expert Discovery
- 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

- 120 days after filing: Service of Complaints
- 180 days after filing: Service under any Extension of Time
- 210 days after filing: Adding New Parties
- 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
- 400 days after filing: Completion of Fact and Expert Discovery
- 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Sunday, June 2, 2024

JOHN C COOPER CIRCUIT JUDGE

_____

JOHN C COOPER
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# VERIFIED RETURN OF SERVICE

Job # T243359

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:**
ADRIAN STANLEY, as the natural Guardian and parent of N.M., a minor,
-versus-
**DEFENDANT:**
TALLAHASSEE CLASSICAL SCHOOL INC.,

CIRCUIT COURT
Court Division: CIVIL

County of Leon, Florida
Court Case # 2024-CA-000855

**Service Info:**

Received by Shannon Thomas: on July, 26th 2024 at 01:09 PM
Service: I Served **TALLAHASSEE CLASSICAL SCHOOL INC. c/o Kelly Roberts - Registered Agent**
With: Summons; Complaint; Uniform Order for Active, Differential Civil Case Management; Supplement to Civil Case Management Order
by leaving with **Kelly Roberts, REGISTERED AGENT**

At Business 4141 ARTEMIS WAY TALLAHASSEE, FL 32311
On **7/30/2024** at **01:15 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Shannon Thomas** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Shannon Thomas*
**Shannon Thomas**
Lic # **285**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T243359**   Client Ref # **ADRIAN STANLEY**




1 of 1