# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADRIAN STANLEY, as the natural guardian and parent of N.M., a minor,**

    Plaintiff,                              Case No.: 4:24-cv-328-WS-MAF

v.

**TALLAHASSEE CLASSICAL SCHOOL INC.,**

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, **TALLAHASSEE CLASSICAL SCHOOL INC.** ("the School"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, respectfully moves to dismiss Plaintiff's Complaint with prejudice and, in support hereof, states as follows:

1. On May 29, 2024, Plaintiff filed a single-count Complaint in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. [Doc. 1-1, pp. 4-8].

2. On August 19, 2024, Defendant timely removed the Complaint to this Court based on federal question jurisdiction. [Doc. 1].

3. Plaintiff's Complaint contains a single cause of action alleging racial discrimination (brought through 42 U.S.C. § 1981). [Doc. 1-1, pp. 4-8]. In short,

Plaintiff, a parent, seeks to recover personally for alleged racial discrimination perpetuated upon her minor child, N.M. The Complaint does not identify N.M. as a plaintiff in this action.

4. As more fully set forth in the Memorandum of Law below, Plaintiff lacks standing and fails to state a claim for racial discrimination under § 1981. Plaintiff has no standing to pursue a claim on her own behalf for alleged violations of the rights of her minor child, N.M. Even if Plaintiff had standing, in addition to simply regurgitating the elements of her cause of action without any supporting facts, Plaintiff failed to allege the existence of a contractual relationship between her and the School. As such, dismissal with prejudice is warranted, because Plaintiff is unable to correct the deficiencies in her Complaint.

WHEREFORE, Defendant respectfully requests the entry of an Order dismissing the Complaint with prejudice and granting any other relief this this Court deems appropriate.

## MEMORANDUM OF LAW

### I. Standards Applicable to Defendant's Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Based on the factual allegations, courts determine whether a plaintiff's pleadings plausibly give rise to an entitlement to relief. *Id.* at 678–79. While courts typically must view the complaint in the light most favorable to the plaintiff when ruling on a motion to dismiss *(see St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986)), this tenet does not apply to legal conclusions. *Id.* at 678-679.

Federal Rule of Civil Procedure 8(a)(2) contains similar pleading requirements and mandates that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678–79. Mere naked assertions are also inadequate. *Id.* Stating the general elements of a cause of action without any supporting facts is insufficient to state a cause of action. *Brown v. Florida Gulf Coast Univ. Bd. of Trustees*, 2018 WL 5971661, at *3 (M.D. Fla. Nov. 14, 2018) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (citing *Iqbal*, 556 U.S. at

678).

## II.     Summary of Plaintiff's Claim of Racial Discrimination Under § 1981

Plaintiff is the parent of N.M. [Doc. 1-1, p. 5]. N.M is a minor African American male who attended the School during the 2021-2022 school year. [Doc. 1-1, p. 5]. The School is a charter school located in Leon County, Florida. [Doc. 1-1, pp. 5-6]. In or around February through May of 2022, Plaintiff alleges N.M.'s Language Arts teacher, a Caucasian male, used racial epithets in N.M.'s classroom, including referring to N.M. as "Darky" on one occasion in February of 2022. [Doc. 1-1, pp. 5-6]. In March of 2022, Plaintiff contacted and met with the Language Arts teacher and the Dean of Curriculum at the School about the Language Arts teacher's use of racial epithets in N.M.'s classroom; however, no disciplinary action was taken against the Language Arts teacher following the meeting. [Doc. 1-1, pp. 5-6]. Thereafter, N.M.'s grades declined, and Plaintiff chose to remove N.M. from the School. [Doc. 1-1, p. 6]. As asserted by Plaintiff, the removal of N.M. from a "charter school"[1] to a public school "negatively impacted N.M.'s development and education." [Doc. 1-1, p. 6].

Based on the actions of the School, Plaintiff asserts that the School is liable for racial discrimination under § 1981. (Doc. 1-1, pp. 4, 7).

---

[1] Under Florida law, "all charter schools in Florida are public schools and shall be part of the state's program of public education." *See F.S. §1002.33(1).*

### III.   <u>Argument and Authority – Plaintiff Lacks Standing</u>

Based on the four corners of the Complaint, Plaintiff is only pursuing a claim on her own behalf as opposed to on behalf of her minor child. Indeed, aside from a single conclusory allegation,[2] the Complaint makes clear that N.M., not Plaintiff, was subjected to alleged racial discrimination. However, Plaintiff does not have standing to redress an alleged injury in fact to N.M. for racial discrimination through a suit brought on her own behalf. *See CP, ex rel. Powell v. Tennessee*, No. 3:10-CV-126, 2010 WL 2598105, at *3 (E.D. Tenn. June 24, 2010) (finding a parent has no standing to sue for deprivation of civil rights of her children); *Ervins v. Sun Prairie Area Sch. Dist.*, 609 F. Supp. 3d 709, 720 (W.D. Wis. 2022) (finding no injury-in-fact to establish standing where parents relied on interference with the rights of their children); *Kelly v. Rockefeller*, 69 Fed. Appx. 414, 416 (10th Cir. 2003) (holding plaintiff did not have standing to bring § 1981 claim on behalf of mother because a civil rights action must be based on the violation of plaintiff's personal rights, and not the rights of someone else). Based on Plaintiff's lack of standing, the Complaint should be dismissed.

---

[2] Paragraph 19 of the Complaint alleges that "Defendant is liable for the differential treatment and racism toward Plaintiff and its effect on N.M.'s ability to continue his education within Defendant." [Doc. 1-1, p. 6].

## IV. Argument and Authority – Plaintiff Failed to State a Claim Upon which Relief may be Granted

Even assuming Plaintiff had standing to pursue her own claim under § 1981 for the alleged racial discrimination her child, N.M., was subjected to at the School during the 2021-2022 school year, her claim nonetheless fails to state a claim upon which relief may be granted. As the Court is aware, § 1981 is intended to combat racial discrimination by protecting the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006).

To state a claim for relief under § 1981, a plaintiff must establish (1) he is a member of a racial minority; (2) the defendant intended to discriminate based on race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012) (citations omitted). The activities in the statute include:

> to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The term "to make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Importantly, any claim brought under § 1981 must identify an

6

impaired contractual relationship under which the plaintiff has rights. *Domino's Pizza, Inc.*, 546 U.S. at 476.

Fatal to Plaintiff's Complaint is the absence of any allegation regarding the existence of a contract or the impairment of a contractual right between the School and Plaintiff (or the School and N.M.). Indeed, "nothing in the text of § 1981 suggests that it was meant to provide an omnibus remedy for all racial injustice. If so, it would not have been limited to situations involving contracts." *Id.* at 479. Additionally, while Plaintiff's Complaint is littered with barebones legal conclusions, it is wholly devoid of any specific factual allegations which, even accepted as true, establish that the School, or any of its employees or agents, discriminated against Plaintiff based on Plaintiff's race (which is not stated in the Complaint) or caused Plaintiff (or even N.M.) to suffer a harm or other adverse action protected by § 1981, or otherwise. *See Am. AVK Co. v. DeKalb Cnty.*, No. 1:06-CV-2492-CC, 2009 WL 10697733, at *11 (N.D. Ga. Mar. 19, 2009) (considering whether alleged discriminatory conduct concerns an aspect of a contractual agreement within the protections of § 1981).

Moreover, to the extent Plaintiff alleges a contract existed by virtue of N.M.'s attendance at the School, such an assertion, without more, does not establish the existence of any contractual rights. *See L. L. v. Evesham Twp. Bd. of Educ.*, 710 Fed. Appx. 545, 549–50 (3d Cir. 2017) (dismissing § 1981 claim because attendance at

7

public school does not suggest any contractual rights); *see also Priester v. Starkville Sch. Dist.*, 1:03CV90, 2005 WL 2347285, at *2–3 (N.D. Miss. Sept. 26, 2005) (dismissing § 1981 claim where plaintiff cited no authority for the suggestion that the availability of a public education is based on a contractual relationship); *Woods v. Miamisburg City Sch.*, 254 F. Supp. 2d 868, 876 (S.D. Ohio 2003) (dismissing § 1981 claim and denying argument that provision of public education to taxpayers creates a contractual relationship). For these reasons, Plaintiff is unable to meet the first step of establishing a claim under Section 1981, and therefore, the Complaint should be dismissed with prejudice.

Dated this 9th day of September 2024.

Respectfully submitted,

*/s/ Christen A. Petruzzelli*
**CHRISTEN ANN PETRUZZELLI**
Florida Bar Number: 1039528
cpetruzzelli@sniffenlaw.com
*/s/ Terry J. Harmon*
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 1,726 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of September 2024, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, Tallahassee Division, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christen A. Petruzzelli*
**CHRISTEN ANN PETRUZZELLI**